FILED
2023 JUN 22 PM 1:58
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY [illegible]
DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **COUNSEL HOLDINGS, INC.,**<br><br>Plaintiffs<br><br>v.<br><br>**EVAN P. JOWERS, LEGIS VENTURES (HK) COMPANY LIMITED, JOWERS VARGAS LLC, and JOWERS LANGER LLC**<br><br>Defendants | **Civil Action No.: 1:23-CV-711** |

**ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Counsel Holdings Inc, formerly known as MWK Recruiting, Inc. ("**Plaintiff**") hereby asserts the following claims against Defendants Evan P. Jowers ("**Jowers**"), Legis Ventures (Hong Kong) Company Limited ("**Legis Ventures**"), Jowers Vargas LLC ("**JV LLC**"), and Jowers Langer LLC ("**JL LLC**") (collectively "**Defendants**") and would respectfully show the Court as follows:

**PRELIMINARY STATEMENT**

Defendant Jowers is the judgment debtor in a related case (the "**2018 Action**") before this Court, *MWK Recruiting, Inc. and Counsel Holdings, Inc. v. Evan P. Jowers*, 1:18-cv-00444-RP, in which judgment (the "**Prior Judgment**") was entered September 19, 2022. A copy of the findings of fact and conclusions of law

leading to the Prior Judgment is attached hereto as **Exhibit 1** and incorporated herein by reference. The 2018 Action involved Jowers, Legis Ventures, and other defendants, and was based on Jowers's breach of certain employment contracts and misappropriation of trade secrets. Under the Prior Judgment, Jowers owes Plaintiff $3,640,132.60, plus interest and attorney fees yet to be finally determined by the Court. Instead of taking steps to satisfy the Prior Judgment, Jowers and the other Defendants, each of which is an alter ego of Jowers, are engaged in corporate shell game designed to allow Jowers to dissipate assets and avoid satisfying the Judgment. Jowers is using the corporate accounts of the other Defendants in this case to support an extravagant lifestyle. He is also transferring valuable property of Defendants to third parties. Through this lawsuit, Plaintiff asks the Court to disregard the corporate fiction regarding these three defendant entities based on well-established evidence from the 2018 Action and hold each of the Defendants jointly and severally liable for the Prior Judgment. Further, because the relevant factors justifying an injunction are established, and an injunction to avoid dissipation and transfer of assets is needed to aid in collection, Plaintiff asks the Court to grant a temporary restraining order and injunction against each of the Defendants to prevent dissipation and transfer of assets until the Prior Judgment has been satisfied.[1]

---

[1] Pursuant to the Court's local rules, Plaintiff will file a separate Motion for Temporary Restraining Order.

## THE PARTIES

1. Plaintiff is a corporation organized under the law of the state of Texas having its principal place of business at 824 W 10th Street, Suite 200, Austin, Texas 78703. Plaintiff is the successor by merger to MWK Recruiting, Inc.

2. Jowers is a citizen and resident of Florida and Hong Kong. He has multiple residential addresses, one of which may be 1830 S Ocean Dr. Apt. 5102, Hallandale Beach, FL 33009-7721. He may be served wherever he may be found.

3. Legis is a private limited company organized under the laws of Hong Kong, having its registered address at Room 1104, Crawford House, 70 Queen's Road Central, Hong Kong. Legis may be served by serving its alter ego, Jowers.

4. Defendant Jowers Vargas is a Florida limited liability company having its registered address at 612 Hibiscus Drive, Hallandale Beach, FL 33009. Jowers Vargas may be served by serving its alter ego, Jowers.

5. Defendant Jowers Langer is a Florida limited liability company having its registered address at 1565 Ludlow Road, Marco Island, FL 34145. Jowers Langer may be served by serving its alter ego, Jowers.

6. Each of Legis, Jowers Vargas, and Jowers Langer is the alter ego of Jowers.

## JURISDICTION AND VENUE

7. The amount in controversy exceeds the value of $75,000, and there is complete diversity among all parties.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) as the amount in controversy in this matter exceeds $75,000 and the dispute is between citizens of different states.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PRIOR JUDGMENT AND 2018 ACTION

10. The Prior Judgment has not been stayed by means of supersedeas bond or otherwise and is subject to execution.

11. Jowers has refused to answer any discovery in the nine months that have passed since the Prior Judgment was issued.

## PERSONAL JURISDICTION

**Jowers**:

12. The Court has personal jurisdiction over Jowers because, among other reasons, he is the named debtor in the Judgment entered by this Court previously, *MWK Recruiting, Inc. and Counsel Holdings, Inc. v. Evan P. Jowers*, 1:18-cv-00444-RP (September 19, 2022). This lawsuit is in essence a continuation of postjudgment proceedings to enforce the Judgment that are before this Court. Based on the inherent authority of this Court to enforce the Prior Judgment and Jowers's submission to personal jurisdiction and venue of this Court in the Jowers Agreement, this Court has personal jurisdiction over Jowers.

13. Further, the claims against Jowers which led to the Judgment are all related to the employment of Jowers by Kinney Recruiting LLC and its

predecessors, which ended in 2016. That employment relationship was governed by a contract of employment dated December 2006 (the "**Jowers Agreement**"). The Jowers Agreement is attached hereto as **Exhibit 2**.

14. The Jowers Agreement provides that Jowers "agrees to the exclusive personal jurisdiction and venue of any court in Travis County, Texas and waives any defense thereto.":


13. EXCLUSIVE FORUM/JURY WAIVER

13.1 The Employee irrevocably agrees that the exclusive forum for any suit, action, or other proceeding arising out of or in any way related to this Agreement shall be in the state or federal courts in Florida, and the Employee agrees to the exclusive personal jurisdiction and venue of any court in Travis County, Texas and waives any defense thereto.

13.2 Each party hereto expressly waives the right to trial by jury in any lawsuit or proceeding relating to or arising in any way from this Agreement or Employee's Employment with Company.

Initialed Company

6

Initialed Employee

Exhibit 2 at § 13 (emphasis added). The Court has previously held that, by agreeing to this clause, Jowers waived personal jurisdiction in this Court. *See* Order on Motions to Dismiss, Dkt. 87, *MWK Recruiting, Inc. and Counsel Holdings, Inc. v. Evan P. Jowers*, 1:18-cv-00444-RP (July 29, 2019). The waiver also applies to Jowers's alter egos, the other Defendants.

**Jowers Vargas, Jowers Langer and Legis Ventures**:

15. This Court has jurisdiction over JV LLC, JL LLC, and Legis Ventures because they are alter egos of Jowers. The Fifth Circuit has recognized that personal jurisdiction may be established over an individual or corporation through a piercing-the-corporate-veil or alter-ego theory. *See Patin v. Thoroughbred Power*

*Boats, Inc.*, 294 F.3d 640, 653 (5th Cir. 2002). As the Fifth Circuit explained in *Patin*:

> [F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not otherwise be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court. The theory underlying these cases is that, because the two corporations (or the corporation and its individual alter ego) are the same entity, the jurisdictional contacts of the one are the jurisdictional contacts of the other for the purposes of the *International Shoe* due process analysis. *Patin*, 294 F.3d at 653

"Further, the piercing-the-corporate-veil test for attribution of contacts, i.e., personal jurisdiction, is less stringent than for liability." *DP Sols., Inc. v. Rollins, Inc.*, 34 Fed. Appx. 150, 2002 WL 494672, at *5 (5th Cir. 2002).

16. The requisite alter ego relationship between Jowers and the other Defendants was well established by the time of the trial of the 2018 Action. In his trial testimony, Jowers admitted that he exerts complete control over each of the other Defendants, and that he decides how much if any equity in those entities should be provided to others. Jowers created the Defendant entities after beginning his activities that were in violation of the Jowers Agreement and Plaintiff's other rights, specifically to shield himself from those liabilities, as well as for other improper purposes, some of which are described below in further detail.

**NON JURY CASE**

Because this lawsuit seeks only equitable remedies, it should be tried without a jury. Further, this lawsuit is governed by the Jowers Agreement, which contains a

jury waiver, and because these entities are alter egos of Evan Jowers, the case against Jowers, Jowers Vargas LLC, Jowers Langer LLC, and Legis Ventures (HK) Company Limited will not be tried to a jury. The Court has previously enforced this provision. *See* 2018 Action, Order on Motion to Strike Jury Demand, Dkt. 196.

## RELEVANT FACTS

17. A true and correct copy of public filings with the Florida Secretary of State related to Jowers Vargas LLC is attached hereto as **Exhibit 3**.

18. A true and correct copy of public filings with the Florida Secretary of State related to Jowers Langer LLC is attached hereto as **Exhibit 4**.

19. A true and correct copy of a public record from the Hong Kong Companies Registry downloaded June 10, 2023, showing the existence of Legis Ventures (HK) Company Limited and listing Evan Phillip Jowers as the sole director is attached hereto as **Exhibit 5**. A copy of an affidavit submitted by Jowers to a Hong Kong Court describing his "substantial assets" in Hong Kong and his connections there is attached hereto as **Exhibit 6**. At pages 67-69 of Exhibit 6, the share allotments for Legis Ventures are shown, with Jowers owning 84% of the outstanding shares as of July 7, 2022.

20. Jowers's liability to Plaintiff which gave rise to the Prior Judgment arose from contracts covering an employment relationship that dated back to 2006, yet the Defendant entities were all formed far later, with the primary purpose being to shield Jowers from personal liability from his scheme to violate Plaintiff's rights. In short, each of the Defendant entities was organized and has been used to hold

both misappropriated assets of Plaintiff and Jowers's personal assets, shielding them from liability for Jowers's misdeeds and thereby defrauding Plaintiff.

21. Jowers has, at all times relevant, owned and controlled the majority of the stock of each of the other Defendants. He dominates every decision that the entities make and shifts equity from himself to others and back at will and without any requirement of consideration. A true and correct copy of trial testimony from Jowers at trial of the 2018 Action in which he describes his loose management of the share ownership and admits to controlling each of the "Jowers Vargas" entities is attached hereto as **Exhibit 7**.

22. Jowers uses the accounts of each of the Defendant entities as his personal bank accounts. In short, he operates as the grandmaster of the Defendant entities, with no regard for even the most basic formalities. For example, Jowers's "Chief of Operations," Alexis Lamb, testified in sworn testimony in the 2018 Action that Jowers regularly makes decisions to pay persons to whom he owes money from accounts belonging to whichever corporate entity suits him. A true and correct copy of an excerpt of that testimony of Ms. Lamb, entered in the 2018 Action as Dkt. 341-4, at 903, is attached hereto as **Exhibit 8**.

23. Jowers formed and organized each of the Defendant entities as cover for his statutory violations, such as misappropriation of trade secrets. After forming them, he transferred his ownership of trade secrets he had misappropriated from Plaintiff to the Defendant entities so that he could use the Defendant entities to hide his personal assets and defraud Plaintiff.

24. Jowers specifically formed and organized the Defendant entity Legis Ventures to obscure his ownership of that entity, in part to defraud the Hong Kong government into providing him a work visa, to which (as he admitted at trial of the 2018 Action) he would otherwise not have been entitled.

25. Jowers has continued to use his network of corporations and bank accounts internationally to hide his and his family's personal assets from creditors since the Prior Judgment was issued.

26. During the 2018 Action, Jowers used the Defendant entities to evade his obligation to produce documents and things that were in his possession, custody, or control and were responsive to discovery requests, necessitating a motion to compel their production. *See* 2018 Action, Order on Motions to Compel, Dkt. 168.

27. Since the Prior Judgment was issued, Jowers has continued to use the Defendant entities to mislead and defraud Plaintiff by transferring assets of the Defendant entities to third parties fraudulently, such as to his family members and to a new business, Lateral Link Group LLC.

**COUNT I**

**DECLARATORY RELIEF**

28. The matters set forth in the preceding paragraphs are incorporated by reference as though fully stated herein.

29. An actual and justiciable controversy exists between Plaintiff and Defendants.

30. Jowers has used JV LLC, JL LLC, and Legis Ventures is mere instrumentalities for his personal endeavors and to mislead and evade creditors, the Court, the government of Hong Kong, and others, for improper purposes.

31. Jowers's use of these entities in this way has caused Plaintiff damage in the form of additional attorney fees required to uncover his activities, as well as delay in collection of damages and difficulty in proving damages.

32. There is such unity between Jowers and the other Defendants that the separateness of the group has ceased and holding only Jowers liable for the Prior Judgment would result in injustice. JV LLC, JL LLC, and Legis Ventures each has no will or existence of its own but is just an extension of Jowers. Jowers has used each of them as a piggy bank and a shield. Jowers does not operate JV LLC, JL LLC or Legis Ventures as separate entities, but uses their resources to achieve a common business purpose.

33. Plaintiff requests that the Court declare that JV LLC, JL LLC, and Legis Ventures are shams, that each of the alter ego of Jowers, and that Jowers, JV LLC, JL LLC, and Legis Ventures are a single business enterprise formed for improper purposes which as caused damage to Plaintiff. As a result, Plaintiff requests that the Court find that Jowers, JV LLC, JL LLC, and Legis Ventures are jointly and severally liable for the Prior Judgment, as well as any judgment obtained in this action, and that the Court grant such further and other relief as Plaintiff is justly entitled. *Cappuccitti v. Gulf Indus. Prods., Inc.,* 222 S.W.3d 468, 481 (Tex.App.2007) (recognizing reverse veil-piercing under Texas law

in a jurisdictional context); *see also Zahra Spiritual Trust v. United States,* 910 F.2d 240, 243–44 (5th Cir.1990) (in a liability context, recognizing that Texas courts can reverse pierce based on a finding of alter egos); *see generally* 1 William W. Fletcher, Cyclopedia of the Law of Corporations § 41.70 ("In a case of 'reverse piercing of the corporate veil,' the plaintiff seeks to hold the corporation liable for the actions of its shareholder.").

**COUNT II**
**REQUEST FOR INJUNCTIVE RELIEF**

34. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

35. As described above, JV LLC, JL LLC, and Legis Ventures are nothing more than alter egos of Jowers. These entities were created to provide Jowers cover for his activities in breach of the Jowers Agreement and hide his assets, and they are engaged in further activity now designed to delay, hinder, and defraud creditors of Jowers.

36. Each of JV LLC, JL LLC, and Legis Ventures are legal recruiting companies which hold assets of Jowers that should be available for satisfaction of the Prior Judgment. By working together with other legal recruiting companies, such as Lateral Link Group LLC, Jowers is taking steps to mix and combine the very sort of trade secrets and rights of JV LLC, JL LLC, and Legis Ventures that were the subject of the 2018 Action. These actions should be enjoined until the Prior Judgment has been satisfied, absent leave of Court for good cause shown.

37. Given his track record of using these entities for improper purposes, it is a certainty that Jowers intends to transfer valuable assets of these entities to third parties and continue to form other entities to which he may transfer assets. Indeed, since Jowers has been operating with Lateral Link officially and openly since May 31, 2023, he has been co-mingling by necessity the trade secrets and other assets of these entities with Lateral Link and diluting the value of those assets to the JV LLC, JL LLC, and Legis Ventures.

38. Accordingly, Plaintiff requests that the Court enter an order granting Plaintiff injunctive relief enjoining the Defendants, and all those acting in concert with any of them, from secreting or transferring any property, income, rights, including contractual rights, and choses in action, held by Jowers, JV LLC, JL LLC, or Legis Ventures, or any dummy entity used by Defendants to carry on the recruiting business of Jowers, to any other person or entity without the express permission of this Court, and to further enjoin the Defendants, and all those acting in concert with any of them, from conducting the business of recruiting or placement of attorneys (or any similar business) under the name or for the benefit of any other entity, without express permission from the Court, until such time as the Prior Judgment has been satisfied.

## COUNT III
## ATTORNEY FEES AND COSTS

39. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs.

40. As a result of Defendants' conduct, Plaintiff has been required to retain the undersigned attorneys to prepare, file, and prosecute this suit. Plaintiff has incurred, and will further incur, costs in connection with the prosecution of this suit, including attorneys' fees and other costs.

41. Accordingly, pursuant to § 37.009 of the Texas Civil Practice and Remedies Code and other applicable law, Plaintiff seeks recovery of its attorneys' fees and costs from Defendants.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court enter judgment against Defendants:

1. declaring that JV LLC, JL LLC, and Legis Ventures are each the alter ego of Jowers and that their collective operations constitute a single business enterprise, and therefore Jowers, JV LLC, JL LLC, and Legis Ventures are jointly and severally liable for the Prior Judgment stemming from the 2018 Action;
2. enjoining Jowers, JV LLC, JL LLC, and Legis Ventures from operating any business related to the recruitment or placement of attorneys by, through, or together with any other entity and from receiving any fees for legal recruitment or placement services from any entity without leave of Court until such time as the Prior Judgment has been satisfied;
3. ordering turnover of the assets held by Jowers's alter ego entities;
4. awarding Plaintiff its costs, attorneys' fees, expenses, and interest; and

5. granting Plaintiff such further relief as the Court finds appropriate.

Dated: June 22, 2023

Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
501 Congress Ave, Suite 150
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**