# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **COUNSEL HOLDINGS, INC.** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No 1:23-CV-711** |
| **EVAN P. JOWERS, JOWERS VARGAS LLC, JOWERS LANGER LLC, AND LEGIS VENTURES (HK) COMPANY LIMITED** | |
| **Defendants** | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF EVAN P. JOWERS**

## Table of Contents

I.    Introduction .................................................................................................1

II.   Legal Standards ...........................................................................................2

    A.   Admitted Counsel Required for Entity Defendants ....................................... 2

    B.   Veil Piercing for Personal Jurisdiction Purposes........................................... 2

    C.   Pleading Standard under Rule 8................................................................... 3

    D.   Reverse Veil Piercing.................................................................................. 3

        1.    Choice of Law ................................................................................ 3

        2.    Florida Law – Veil Piercing............................................................ 4

        3.    Rule 8 Pleading Standards Apply to Alter Ego Allegations under
            Florida Law ................................................................................... 4

    E.   Dismissal for Want of Jurisdiction under FRCP 41(b) is not an
       Adjudication on the Merits........................................................................... 5

    F.   Injunction – Dissipation of Assets. ............................................................. 5

III.  Argument .....................................................................................................6

    A.   The entity defendants are not represented by counsel and arguments
       made by Jowers for them should be disregarded. ......................................... 6

    B.   The Court clearly has jurisdiction over Jowers and his alter ego entities... 7

    C.   Res judicata does not apply to bar this suit. ................................................. 8

    D.   The pleadings contain sufficient allegations to justify piercing the veil of
       the Entity Defendants .................................................................................. 9

    E.   Plaintiff is entitled to the requested injunction to prevent dissipation of
       assets. ...................................................................................................... 11

    F.   Attorney fees are an appropriate remedy.................................................... 12

IV.   Conclusion .................................................................................................12

TABLE OF AUTHORITIES

CASES

*99869 Can., Inc. v. Glob. Sec. Networks, Inc.,*
  No. H-16-2788 (S.D. Tex. Dec. 14, 2016)...................................................9

*Abbott Laboratories v. Gravis,* 470 S.W.2d 639 (Tex. 1971) ...........................8

*Ace Am. Ins. Co. v. Huntsman Corp.,* 255 F.R.D. 179 (S.D. Tex. 2008) ......................4

*Alberto v. Diversified Group Inc.,* 55 F.3d 201 (5th Cir.1995).......................4

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ...............................................3

*Baker v. Putnal,* 75 F.3d 190 (5th Cir. 1996) .......................................3

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)..........................................3

*Braswell v. Ryan Investments, Ltd.,* 898 So.2d 38 (Fla. 3d DCA 2008) ........................4

*Counsel Holdings, Inc. v. Evan P. Jowers,* 1:18-CV-444-RP (W.D. Tex. 2021).............1

*Deckert v. Independence Corp.,* 311 U.S. 282 (1940)..........................................6

*DP Sols., Inc. v. Rollins, Inc.,* 34 Fed.Appx. 150, 2002 WL 494672 (5th Cir. 2002)......8

*Gasparini v. Pordomingo,* 972 So.2d 1053 (Fla. 3d DCA 2008) ...................................4

*In re K.M.A., Inc.,* 652 F.2d 398 (5th Cir. 1981).............................................2

*Jackson v. Tanfoglio Giuseppe, S.R.L,* 615 F.3d 579 (5th Cir. 2010)..........................2

*Janvey v. Alguire,* 647 F.3d 585 (5th Cir. 2011) ........................................11

Kona Technology Corp. v. Southern Pacific Transportation Co., 225 F.3d 595
  (5th Cir. 2000).................................................................12

*Lemon v. Kurtzman,* 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973) .................11

*Matthews Const. Co. Inc. v. Rosen,* 796 S.W.2d 692 (Tex. 1990)...................................8

*Miller v. Nationwide Life Ins. Co.,* No. 06-31178, 2008 WL 3086783
  (5th Cir. Aug. 6, 2008) .........................................................5

*Mitchell v. Deutsche Bank & Tr. Co.,* No. 3:10-CV-1812-BH, 2012 WL 1670168
  (N.D. Tex. May 14, 2012).........................................................2

*Nilsen v. City of Moss Point,* 701 F.2d 556 (5th Cir. 1983) (en banc)............................5

*Patin v. Thoroughbred Power Boats Inc.,* 294 F.3d 640 (5th Cir. 2002) ........................3

*Republic of Panama v. Air Panama Internacional, S.A.*, 745 F. Supp. 669

    (S.D. Fla. 1988) ............................................................................................ 6

*Republic of the Phillipines v. Marcos*, 862 F.2d 1355 (9th Cir. 1988) ............................ 6

*Roberson v. Health Career Institute LLC*, No. 22-CV-81883-RAR, 2023 WL 4991121

    (S. D. Fla. Aug. 3, 2023) ........................................................................... 5

*Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53 (5th Cir. 1982)

    (per curiam) ............................................................................................ 2

*U.S. ex Rel. Rahman v. Oncology Associates*, 198 F.3d 489 (4th Cir. 1999) ................. 6

*Weber v. PACT XPP Techs., AG*, 811 F.3d 758 (5th Cir. 2016) ..................................... 3

<u>STATUTES</u>

Tex. Civ. Prac. Rem. Code § 37.009 ................................................................. 12

<u>RULES</u>

Fed. R. Civ. P. 12(b)(2) ........................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1,3

Fed. R. Civ. P. 41(b) ........................................................................................... 5, 8

Fed. R. Civ. P. 8 .................................................................................................... 5

Counsel Holdings, Inc. ("**Counsel**") hereby responds to the Motion to Dismiss filed by Evan P. Jowers ("**Jowers**") on December 26, 2023 (the "**Jowers Motion**"). (Dkt. 21).

## I.      Introduction

This lawsuit seeks to reverse-pierce the corporate veil and hold certain entities owned and controlled by Jowers jointly and severally liable for the judgment issued by the Court in a related case, *Counsel Holdings, Inc. v. Evan P. Jowers*, 1:18-CV-444-RP (W.D. Tex. 2021). (the "**Prior Action**"). The relevant entities are Legis Ventures (HK) Company Limited ("**Legis Ventures**"), Jowers Langer LLC ("**JL LLC**"), and Jowers Vargas LLC ("**JV LLC**")(collectively, the "**Entity Defendants**"). Jowers has moved under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of "the claims asserted against Mr. Jowers" in the original complaint (the "**Complaint**"). (Dkt. 21, at 1). Jowers is not a member of the bar of this Court, and no member of the Court's bar has appeared on behalf of the Entity Defendants in this case. The Court should disregard arguments made by Jowers for them. As to Jowers himself, who is acting pro se, the Court should deny the Jowers Motion in its entirety. The Court clearly has personal jurisdiction over Jowers and, by extension, over his alter ego companies. The remedies Plaintiffs seeks – declaratory judgment that Jowers is the alter ego of the Entity Defendants, permanent injunction, and an award of attorney fees – are clearly available. Many courts have held entities liable for their alter ego owners' debts. A post-judgment injunction to stop dissipation of assets by a recalcitrant defendant like Jowers is not even remarkable; the Fifth Circuit has made clear that risk of dissipation of assets can constitute irreparable harm. Further, attorney fees are

available under multiple theories. Finally, Jowers's claim that this lawsuit is barred by *res judicata* stemming from the Prior Action is plainly wrong. Suits like this one are commonplace when judgment debtors attempt to secret assets through entities they control and courts never find the argument Jowers makes persuasive.

## II.   Legal Standards

### A.   Admitted Counsel Required for Entity Defendants

A non-lawyer acting *pro se* cannot appear for corporations or limited liability companies, fictional legal persons that can only be represented in court by licensed counsel. (*See*, *Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 54-56 (5th Cir. 1982) (per curiam); *Mitchell v. Deutsche Bank & Tr. Co.*, No. 3:10-CV-1812-BH, 2012 WL 1670168, at *3 (N.D. Tex. May 14, 2012) (applying the principle to limited liability companies)). This requirement for legal representation applies "even when the person seeking to represent the corporation is its president and major stockholder." (*In re K.M.A.*, *Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted)).

### B.   Veil Piercing for Personal Jurisdiction Purposes

"Federal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." (*Jackson v. Tanfoglio Giuseppe, S.R.L*, 615 F.3d 579, 586 (5th Cir. 2010) (cleaned up) ("[A] court which has jurisdiction over a corporation has jurisdiction over its alter egos.")). Further, "courts have uniformly found that it is consistent with due process to impute a corporation's waiver of personal

jurisdiction to its successor (or its individual alter ego), for the same reasons that imputation of jurisdictional contacts is appropriate." (*Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 654 (5th Cir. 2002)). The Fifth Circuit also uses a less stringent test when establishing an alter ego for jurisdictional purposes. (*DP Sols., Inc. v. Rollins, Inc.*, 34 Fed.Appx. 150, 2002 WL 494672, at *5 (5th Cir. 2002)).

### C.    Pleading Standard under Rule 8

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the "district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." (*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*) (citing *Twombly*, 550 U.S. at 556).

### D.    Reverse Veil Piercing

### 1. Choice of Law

"A federal court sitting in diversity applies the forum state's choice-of-law rules to determine which substantive law will apply." (*Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016)). In Texas, when deciding which state's law to apply in determining the liability of an interest holder for a corporation's debts — *i.e.,* a veil

piercing claim, the court looks to the law of the jurisdiction of formation. (*See Alberto v. Diversified Group Inc.,* 55 F.3d 201, 203 (5th Cir.1995); *see also Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 195 (S.D. Tex. 2008) (Rosenthal, J.) (citing cases) ("[C]ourts have held that the law of the state of incorporation for the entity whose corporate form is at issue applies to determine whether to pierce the corporate veil.")). In any case, Jowers says that the Court should apply Florida law to its analysis of the veil piercing claims. (Jowers Motion, Dkt. 21, at 19 ("Florida law applies to this determination.")). Plaintiff agrees.

### 2. Florida Law – Veil Piercing

In Florida, to pierce the corporate veil, a plaintiff must allege and prove the following: "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been organized or used for a fraudulent or improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." (*Gasparini v. Pordomingo*, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008)). Reverse piercing of the corporate veil has been found to be "particularly appropriate to apply the alter ego doctrine . . . when the controlling party uses the controlled entity to hide assets . . . . to avoid the preexisting liability of the controlling party." (*Braswell v. Ryan Investments, Ltd.*, 898 So.2d 38 (Fla. 3d DCA 2008)).

### 3. Rule 8 Pleading Standards Apply to Alter Ego Allegations

Florida law does not require a party to prove fraud to pierce the corporate veil. (*Roberson v. Health Career Institute LLC*, No. 22-CV-81883-RAR, 2023 WL 4991121,

at *5 (S. D. Fla. Aug. 3, 2023) ("While the Court has not found binding authority on the issue of whether a veil-piercing claim is governed by Fed. R. Civ. P. 8's notice pleading standard or the heightened pleading standard of Rule 9(b), courts in this district have held that Rule 8 provides the correct standard.")). In any case, in the Fifth Circuit, "Only a prima facie showing is required on a jurisdiction motion." (*Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1161 (5th Cir. 1983) (cleaned up)). Thus, the Fifth Circuit finds it "appropriate to apply a less stringent standard for alter ego jurisdiction than alter ego liability." (*Graduate Med. Educ. Dev., LLC v. St. George's Univ., Ltd.*, No. H-15-2641, 2016 WL 5844707 (S.D. Tex. Oct. 6, 2016) (cleaned up) (District Judge Gray Miller explaining why he was unconvinced that the Magistrate Judge erred in not requiring a plaintiff to prove fraud in order to exercise personal jurisdiction over alleged alter ego defendants)).

### E.   Dismissal for Want of Jurisdiction is not an Adjudication on the Merits

Federal Rule of Civil Procedure 41(b), provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule- *-except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." (*Id.*) (emphasis added). Thus, jurisdictional dismissals are "insufficient to serve as final judgments on the merits for res judicata purposes." (*Miller v. Nationwide Life Ins. Co.*, No. 06-31178, 2008 WL 3086783, at *5 (5th Cir. Aug. 6, 2008); *Nilsen v. City of Moss Point*, 701 F.2d 556, 562 (5th Cir. 1983) (en banc) (holding, in a res judicata context, that "[d]ismissals for want of jurisdiction are not decisions on the merits. . . .")).

F.      **Injunction – Dissipation of Assets.**

The Complaint requests a permanent final injunction carefully constructed to assist in collection of the judgment in the Prior Action. Even prejudgment injunctions have been granted to prevent dissipation or concealment of profits and preserve them for any future equitable award entered by courts. Such injunctions are granted where courts have been presented with allegations and evidence showing that the defendants were concealing assets, were transferring them so as to place them out of the reach of post-judgment collection or were dissipating the assets. (*See, e.g., U.S. ex Rel. Rahman v. Oncology Associates*, 198 F.3d 489, 493 (4th Cir. 1999) (uncontradicted allegations that defendants had transferred assets to Caribbean Island and were selling main assets of the corporation); *Deckert v. Independence Corp.*, 311 U.S. 282, 291 (1940) (defendant insolvent and giving preference to foreign creditors seeking payment); *Republic of Panama v. Air Panama Internacional, S.A.*, 745 F. Supp. 669 (S.D. Fla. 1988) (defendants attempting to transfer assets of national airline to illegitimate government of Panama, putting the assets outside the reach of the court); *Republic of the Philippines v. Marcos*, 862 F.2d 1355 (9th Cir. 1988) (upholding asset freeze based on allegations that defendants had internationally transferred personal assets and had used false identities to transfer assets to a Liechtenstein trust, using Swiss banks, for their benefit)).

### III.   Argument

### A.   The entity defendants are not represented by counsel and arguments made by Jowers for them should be disregarded.

Jowers is not an attorney admitted to practice before this Court. Although he is somewhat ambiguous in parts of his brief about whether he is making arguments on behalf of only himself or also on behalf of the companies he controls, the Court should not accept any arguments that Jowers makes on behalf of the Entity Defendants. Because those entities have not answered or otherwise responded through admitted counsel, the Court should deny the Jowers Motion as to them.

### B.   The Court clearly has jurisdiction over Jowers and his alter ego entities.

The Court clearly has jurisdiction over Jowers for the same reasons that the Court has jurisdiction over Jowers in connection with the Prior Judgment: "Jowers consented to the personal jurisdiction of courts in Travis County." (Prior Action, Order on Motions to Dismiss, Dkt. 87, at 9-14)[1]. The claims in this case are clearly related to Jowers's prior employment with Plaintiff's predecessor entity, and the jurisdiction waiver contained in the 2006 employment contract between Jowers and his employer (the "**Jowers Agreement**") continues to control. (*Id*., at 9). To the extent that the Court wishes to consider its jurisdiction over the entity defendants even though Jowers is not permitted to appear and argue for them, the Court clearly has jurisdiction over

---

[1] Plaintiff requests that the Court take judicial notice of the referenced Order and other relevant records from the Prior Action.

them by virtue of the waiver of jurisdiction signed by Jowers, which applies to his alter egos. (*See supra,* Section II.B.).

###    C.     Res judicata does not apply to bar this suit.

JV LLC and JL LLC were never parties to the Prior Action. The Court dismissed Legis Ventures from the Prior Action for lack of personal jurisdiction. (*See* Prior Action, Order on Motions to Dismiss, Dkt. 87, at 18). At the pleading stage in the Prior Action, Plaintiff did not have sufficient knowledge of Jowers's control over Legis Ventures to make a veil piercing claim vis a vis Jowers and did not do so. Fed. R. Civ. P. 41(b) expressly states that a dismissal for want of jurisdiction is not a merits-based dismissal. (*See, supra*, at 5). Therefore, as to Legis Ventures, the dismissal for lack of personal jurisdiction clearly cannot support res judicata.

As to Jowers, the Prior Action also does not support claim preclusion. This is a suit to enforce a judgment. The purpose of the doctrine of res judicata is "to preserve the sanctity of judgments" by preventing collateral attacks on those judgments. *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex. 1971). "To apply res judicata in the manner argued by [Jowers] would be to pervert the sanctity of judgments, not preserve them." *Matthews Const. Co. Inc. v. Rosen*, 796 S.W.2d 692, 694 (Tex. 1990). At the time Counsel Holdings' predecessor sued Jowers and Legis Ventures, it had no cause to bring a veil-piercing claim against Jowers and Legis Ventures. Courts presented with the res judicata argument Jowers makes have rejected it. For example, in *JNS Aviation, Inc. v. Nick Corp.*, 418 B.R. 898, 910-11 (N.D. Tex. 2009), *aff'd sub nom. In re*

*JNS Aviation, L.L.C.*, 395 F. App'x 127 (5th Cir. 2010), District Judge Robinson explained why Jowers's reasoning would create an unjust result:

> To hold that the plaintiff could not bring a second suit asserting veil-piercing claims to collect their judgment would protect individuals who fraudulently transfer assets from a corporation to avoid judgments against them. It would also create a catch-22 for plaintiffs in situations such as the one above. A plaintiff would be barred from bringing the second suit because the veil-piercing claim was not asserted in the first suit; however, the plaintiff could not bring the veil-piercing claim in the first suit because at that time, there was no cause to bring the claim. This would be an unjust result.

(*Id.*; *see also*, *99869 Can., Inc. v. Glob. Sec. Networks, Inc.*, No. H-16-2788 (S.D. Tex. Dec. 14, 2016) (District Judge Sim Lake applying the reasoning in *JNS Aviation*)).

### D. The pleadings contain sufficient allegations to justify piercing the veil of the Entity Defendants

The pleadings in this case and the attached documents easily provide a more than adequate demonstration of why the Entity Defendants should be held liable for Jowers's debt resulting from the Prior Action.  First, the lack of separateness between Jowers and the Entity Defendants is clear from allegations that Jowers dominates every decision made by them and shifts equity and cash between himself and those entities at will. (Complaint, Dkt. 5, at ¶¶20-27, 30, 32). Second, Jowers formed the entities for improper purposes, several specifics of which are alleged in the Complaint. For example, Jowers formed Legis Ventures in part to defraud the Hong Kong government into providing him with a work visa, as he admitted at trial. (Complaint, Dkt. 5, at ¶24). He formed all the businesses to provide cover for his misappropriation of trade secrets. (Complaint, Dkt. 5, at ¶23). He has continued to use the Entity

Defendants to evade his discovery obligations, as is well documented in the Prior Action. (Complaint, Dkt. 5, at ¶26). Also, he has used the Entity Defendants to hide his personal assets. (Complaint, Dkt. 5, at ¶¶25, 27). Third, Jowers's improper conduct is one of the reasons why recovery under the judgment issued in the Prior Action has been so difficult. (Complaint, Dkt. 5, at ¶¶31-32).

As described supra, reverse piercing of the corporate veil is particularly appropriate when the controlling party uses the controlled entity to hide assets to avoid the preexisting liability of the controlling party. (*See supra*, Section II.D.2). Jowers formed each of the three Entity Defendants after he began to incur liabilities to Plaintiff's predecessor by misappropriating its trade secrets. Specifically, Jowers began in September 2016 to submit candidates in violation of his employment agreement. (Prior Action FF&CL, Complaint Exh. 1, Dkt. 5-1, at 5). Also attached to the Complaint is a copy of the "Company Particulars" for Legis Ventures, showing that Legis Ventures was incorporated 21 November 2016, after the misappropriation Jowers was found liable for occurred. (Complaint Exh. 5, Dkt. 5-5, at 1). JV LLC and JL LLC were both formed in 2020, long after the liabilities that were subject of the Prior Action had begun to be incurred. (JV LLC Articles of Org., Complaint Exh. 3, Dkt. 5-3, at 9; JL LLC Articles of Org., Complaint Exh. 4, Dkt. 5-4, at 8). Clearly, the Complaint contains allegations that are sufficient to put Jowers (and his alter egos) on notice that they are subject to being held jointly and severally liable for the judgment in the Prior Action.

**E.      Plaintiff is entitled to the requested injunction to prevent dissipation of assets.**

The allegations in the Complaint provide an adequate basis for the Court to grant the requested injunction. (Complaint, Dkt. 5, at ¶¶34-37). Jowers has not satisfied the judgment in the Prior Action and, because he is using the Entity Defendants to hide and secret assets, only the requested injunction can serve to stop Jowers. There is a threat of irreparable harm, in that Jowers's efforts to hide and secret assets threaten to make the judgment under the Prior Action uncollectable. While there is a preference for economic damages, "the mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate.' For example, some courts have found that a remedy at law is inadequate if legal redress may be obtained only by pursuing a multiplicity of actions." (*Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011)). Further, where a district court has determined that a meaningful decision on the merits would be impossible without an injunction, "the district court may maintain the status quo and issue a preliminary injunction to protect a remedy, including a damages remedy, when the freezing of the assets is limited to the property in dispute or its direct, traceable proceeds." (*Id*.). On the merits, Plaintiff has already demonstrated actual success, by obtaining the judgment in the Prior Action. Because this is true, "[i]t is within the court's sound discretion to decide whether to exercise equity jurisdiction and grant permanent injunctive relief." (*Lemon v. Kurtzman*, 411 U.S. 192, 200-01, 93 S.Ct. 1463, 1469-70, 36 L.Ed.2d 151 (1973)). An injunction such as the one requested in the Complaint is warranted.

**F.    Attorney fees are an appropriate remedy.**

Following judgment in this case, Plaintiff should be granted its attorney fees. This case is a declaratory judgment case, for which attorney fees are discretionary but are regularly granted. "Section 37.009, which is under the Texas Declaratory Judgment Act, provides that the court may award attorneys' fees. Thus, trial courts are afforded discretion in deciding whether to award attorneys' fees or not." (K*ona Technology Corp. v. Southern Pacific Transportation Co.*, 225 F.3d 595, 603 (5th Cir. 2000) (cleaned up)). Further, as alleged in the Complaint, Jowers was employed by the predecessor to Plaintiff under the Jowers Agreement, which contains an indemnification provision. (Jowers Agreement, Dkt. 5-2, at ¶10). The indemnification specifies that Jowers "shall indemnify and save the company harmless from all claims, demands, and actions arising out of the Employee's breach of this Agreement, and shall reimburse the Company for all costs, damages, and expenses, including reasonable attorney fees, which the Company pays or becomes obligated to pay by reason of such activities or breach." (*Id.*). Clearly, the present suit arises from Jowers's breaches as adjudicated in the Prior Action. As such, Plaintiff is entitled to attorney fees under the indemnity contained in the Jowers Agreement as well.

**IV.    Conclusion**

None of the claims in the Complaint against Jowers should be dismissed. The Entity Defendants have not answered or otherwise responded to the Complaint at all; therefore, all the claims against them survive. As for Jowers himself, under the applicable standards, he is clearly the alter ego of each of the Entity Defendants.  The requested declaratory and injunctive relief, as well as the request for attorney fees, are

also appropriate and adequately backed by sufficient factual allegations to make Jowers aware of the claims against him. In the unlikely event that the Court disagrees, Plaintiff requests that it be permitted to replead its claims with additional factual material after Jowers fully and completely responds to the post-judgment discovery requests which he has, so far, refused to substantively respond to.

Dated: February 5, 2024                    Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
501 Congress Ave, Suite 150
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

On February 5, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).