UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| COUNSEL HOLDINGS, INC.<br><br>Plaintiff,<br><br>v.<br><br>EVAN P. JOWERS, JOWERS VARGAS LLC, JOWERS LANGER LLC, AND LEGIS VENTURES (HK) COMPANY LIMITED<br><br>Defendants | Civil Action No 1:23-CV-711 |

## MOTION FOR DEFAULT JUDGMENT AGAINST LEGIS, JOWERS LANGER, AND JOWERS VARGAS

Counsel Holdings, Inc. ("**Counsel**") hereby moves for entry of default judgment against Defendants Legis Ventures (HK) Company Limited ("**Legis**"), Jowers Langer LLC ("**Jowers Langer**"), and Jowers Vargas LLC ("**Jowers Vargas**") (collectively, Legis, Jowers Langer, and Jowers Vargas are referred to herein as the "**Entity Defendants**"). Legis and Jowers Langer were served in this case on October 9 and October 11, 2023, respectively. (Dkt. 11; Dkt. 12). Default was entered by the District Clerk on November 13, 2023, against each of them. (Dkt. 15). Service was accomplished on Jowers Vargas on November 30, 2023. (Dkt. 19). To date, there has been no answer or other responsive pleading filed by any of the Entity Defendants. The Court should now enter judgment holding that the Entity Defendants are alter egos of Jowers and are jointly and severally liable for the debt of Jowers under the judgment in the related action, *Counsel Holdings vs. Jowers,* 1:18-CV-444-RP (the "**Prior Action**"), and that

the Entity Defendants are enjoined from making any payments except through the receiver appointed by the Court in the Prior Action. Alternatively, if the Court believes that entry of the full requested default judgment would be premature at this time in view of the fact that defendant Evan Jowers ("**Jowers**") has appeared in the case *pro se*, the Court should nevertheless hold a hearing and, to better preserve the status quo, enter a preliminary injunction ordering that the Entity Defendants shall not be permitted to spend, secret, or dissipate any assets they may hold except in consultation with and with the permission of the duly appointed receiver in the Prior Action, Seth Kretzer, in the ordinary course of business.

## I.   Legal Standards
### A.   Default Judgment

Under Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Default judgment is proper if the well-pleaded factual allegations in the complaint establish a valid cause of action. *Nishimatsu*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id*. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Detailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

## B. Reverse Veil Piercing

### 1. Choice of Law

"A federal court sitting in diversity applies the forum state's choice-of-law rules to determine which substantive law will apply." (*Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016)). In Texas, when deciding which state's law to apply in determining the liability of an interest holder for a corporation's debts — *i.e.,* a veil piercing claim, the court looks to the law of the jurisdiction of formation. (*See Alberto v. Diversified Group Inc.,* 55 F.3d 201, 203 (5th Cir.1995); *see also Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 195 (S.D. Tex. 2008) (Rosenthal, J.) (citing cases) ("[C]ourts have held that the law of the state of incorporation for the entity whose corporate form is at issue applies to determine whether to pierce the corporate veil.")). In any case, Jowers says that the Court should apply Florida law to its analysis of the veil piercing claims. (Jowers Motion to Dismiss, Dkt. 21, at 19 ("Florida law applies to this determination.")). Plaintiff agrees.

### 2. Florida Law – Veil Piercing

In Florida, to pierce the corporate veil, a plaintiff must allege and prove the following: "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been organized or used for a fraudulent or improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." (*Gasparini v. Pordomingo*, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008)). Reverse piercing of the corporate veil has been found to be "particularly appropriate to apply the alter ego doctrine . . . when the controlling party uses the controlled entity to hide assets . . . to avoid the preexisting liability of the controlling party." (*Braswell v. Ryan Investments, Ltd.*, 898 So.2d 38 (Fla. 3d DCA 2008)).

### 3. Rule 8 Pleading Standards Apply to Alter Ego Allegations

Florida law does not require a party to prove fraud to pierce the corporate veil. (*Roberson v. Health Career Institute LLC*, No. 22-CV-81883-RAR, 2023 WL 4991121, at *5 (S. D. Fla. Aug. 3, 2023) ("While the Court has not found binding authority on the issue of whether a veil-piercing claim is governed by Fed. R. Civ. P. 8's notice pleading standard or the heightened pleading standard of Rule 9(b), courts in this district have held that Rule 8 provides the correct standard.")).

## II. Argument
### A. The pleadings are sufficient regarding veil piercing.

The pleadings in this case, including the documents attached to the pleadings, easily provide a more than adequate demonstration of why the Entity Defendants should be held liable for Jowers's debt resulting from the Prior Action. First, the lack of separateness between Jowers and the Entity Defendants is clear from allegations that Jowers dominates every decision made by them and shifts equity and cash between himself and those entities at will. (Complaint, Dkt. 5, at ¶¶20-27, 30, 32). Second, Jowers formed the entities for improper purposes, several specifics of which are alleged in the Complaint. For example, Jowers formed Legis Ventures in part to defraud the Hong Kong government into providing him with a work visa, as he admitted at trial. (Complaint, Dkt. 5, at ¶24). He formed all the businesses to provide cover for his misappropriation of trade secrets. (Complaint, Dkt. 5, at ¶23). He has continued to use the Entity Defendants to evade his discovery obligations, as is well documented in the Prior Action. (Complaint, Dkt. 5, at ¶26). Also, he has used the Entity Defendants to hide his personal assets. (Complaint, Dkt. 5, at ¶¶25, 27). Third, Jowers's improper conduct is one of the reasons why recovery under the judgment issued in the Prior Action has been so difficult. (Complaint, Dkt. 5, at ¶¶31-32).

As described supra, reverse piercing of the corporate veil is particularly appropriate when the controlling party uses the controlled entity to hide assets to avoid the preexisting liability of the controlling party. (*See supra*, Section II.D.2). Jowers formed each of the three Entity Defendants after he began to incur liabilities to Plaintiff's predecessor by misappropriating its trade secrets. Specifically, Jowers began

in September 2016 to submit candidates in violation of his employment agreement. (Prior Action FF&CL, Complaint Exh. 1, Dkt. 5-1, at 5). Also attached to the Complaint is a copy of the "Company Particulars" for Legis Ventures, showing that Legis Ventures was incorporated 21 November 2016, after the misappropriation Jowers was found liable for occurred. (Complaint Exh. 5, Dkt. 5-5, at 1). JV LLC and JL LLC were both formed in 2020, long after the liabilities that were subject of the Prior Action had begun to be incurred. (JV LLC Articles of Org., Complaint Exh. 3, Dkt. 5-3, at 9; JL LLC Articles of Org., Complaint Exh. 4, Dkt. 5-4, at 8). Clearly, the Complaint contains allegations that are sufficient to put Jowers (and his alter egos) on notice that they are subject to being held jointly and severally liable for the judgment in the Prior Action.

**B. Plaintiff is entitled to the requested injunction to prevent dissipation of assets.**

The allegations in the Complaint provide an adequate basis for the Court to grant the requested injunction. (Complaint, Dkt. 5, at ¶¶34-37). Jowers has not satisfied the judgment in the Prior Action and, because he is using the Entity Defendants to hide and secret assets, only the requested injunction can serve to stop Jowers. There is a threat of irreparable harm, in that Jowers's efforts to hide and secret assets threaten to make the judgment under the Prior Action uncollectable. While there is a preference for economic damages, "the mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate.' For example, some courts have found that a remedy at law is inadequate if legal redress may be obtained only by pursuing a multiplicity of actions." (*Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011)). Further, where a district court has determined that a meaningful

decision on the merits would be impossible without an injunction, "the district court may maintain the status quo and issue a preliminary injunction to protect a remedy, including a damages remedy, when the freezing of the assets is limited to the property in dispute or its direct, traceable proceeds." (*Id*.). On the merits, Plaintiff has already demonstrated actual success, by obtaining the judgment in the Prior Action. Because this is true, "[i]t is within the court's sound discretion to decide whether to exercise equity jurisdiction and grant permanent injunctive relief." (*Lemon v. Kurtzman*, 411 U.S. 192, 200-01, 93 S.Ct. 1463, 1469-70, 36 L.Ed.2d 151 (1973)). An injunction such as the one requested in the Complaint is warranted.

### C. Attorney fees are an appropriate remedy.

As a part of the default judgment in this case, Plaintiff should be granted its attorney fees. This case is a declaratory judgment case, for which attorney fees are discretionary but are regularly granted. "Section 37.009, which is under the Texas Declaratory Judgment Act, provides that the court may award attorneys' fees. Thus, trial courts are afforded discretion in deciding whether to award attorneys' fees or not." (K*ona Technology Corp. v. Southern Pacific Transportation Co*., 225 F.3d 595, 603 (5th Cir. 2000) (cleaned up)). Further, as alleged in the Complaint, Jowers was employed by the predecessor to Plaintiff under the Jowers Agreement, which contains an indemnification provision. (Jowers Agreement, Dkt. 5-2, at ¶10). The indemnification specifies that Jowers "shall indemnify and save the company harmless from all claims, demands, and actions arising out of the Employee's breach of this Agreement, and shall reimburse the Company for all costs, damages, and expenses, including reasonable attorney fees, which the Company pays or becomes obligated to pay by reason of such

activities or breach." (*Id.*). Clearly, the present suit arises from Jowers's breaches as adjudicated in the Prior Action. As such, because the Entity Defendants are alter egos of Jowers, Plaintiff is entitled to attorney fees under the indemnity contained in the Jowers Agreement from the Entity Defendants as well.

Dated: April 6, 2024                                   Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
501 Congress Ave, Suite 150
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**